IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET PRALLE,

          Plaintiff,

vs.                                      Case No. 15-4903-SAC

WALMART STORES, INC.,

          Defendant.

MEMORANDUM AND ORDER

The plaintiff Janet Pralle *pro se* brings this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. The defendant Walmart Stores, Inc. ("Walmart") has filed a motion to dismiss for lack jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dk. 11). When Pralle failed to respond to Walmart's motion to dismiss, the court issued an order for her to show cause why the court should not decide Walmart's motion as uncontested. (Dk. 14). Pralle timely responded stating that she had assumed a court hearing would be held and that this would be her opportunity for opposing the defendant's motion. While Pralle's assumption is plainly inconsistent with this court's rules, specifically D. Kan. Rules 7.1 and 7.2, the court will consider her response in its decision on the defendant's motion to dismiss. The court admonishes the plaintiff to become aware of her responsibilities in complying timely with all of the court's rules and procedures governing civil litigation.

Title VII's filing requirements for timeliness are not jurisdictional in character but serve as a statute of limitations and, therefore, are subject to waiver, estoppel, and equitable tolling. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995); *see Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1228 (10th Cir. 1997). "These timing requirements are prerequisites to a civil suit." *Croy v. Cobe Laboratories, Inc.*, 345 F.3d 1199, 1202 (10th Cir. 2003) (citation omitted).  As such, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not be disregarded by courts out of a vague sympathy for particular litigants," *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of justice.'" (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

A plaintiff bringing a claim under Title VII must file suit "within ninety days after the giving of such notice." 42 U.S.C. § 2000e-5(f)(1). The Tenth Circuit has interpreted this provision to mean that the 90-day period runs upon the plaintiff's receipt of the notice. *Million*, 47 F.3d at 388 n. 5. More specifically, the period is triggered by the plaintiff's actual receipt of notice:

> As these prior cases indicate, we are persuaded that starting the limitation period upon actual receipt of the right-to-sue letter is the view most in keeping with the language and purpose of the statute. The implementing regulation of the EEOC, supra [29 C.F.R. § 1601.28(e)] at 3, provides that the ninety-day period begins to run upon receipt by a plaintiff of his authorization to bring a civil action

2

> under Title VII. We agree with the court in Hornsby that it makes little sense to begin the period for bringing such an action before the plaintiff knows he has the right to do so, especially since Congress clearly intended that a Title VII plaintiff have a full ninety days in which to commence his suit. We are not at liberty to shorten that period by a crabbed construction of the events that trigger a plaintiff's receipt of notice that he is authorized to sue. To the contrary, Title VII is broad remedial legislation that must be liberally construed. *See Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (1983).
> 
> We conclude that Mr. Jackson did not receive notice of his right to sue for purposes of triggering the ninety-day limitation period until he actually received his right-to-sue letter.

*Jackson v. Continental Cargo*, 183 F.3d 1186, 1189-90 (10th Cir. 1999) (finding the plaintiff's receipt of the right-to-sue letter occurred when the plaintiff actually picked up the certified letter at the post office, rather than when the Postal Service left notices of attempted delivery of the certified letter); see *Gallegos-Lopez v. Kansas City*, 2009 WL 2912637 at *2 (D. Kan. 2009).

When, as here, a plaintiff acts pro se, the court construes the pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*.

The plaintiff's complaint alleges she did receive a notice of right-to-sue letter and attached the same to her complaint. (Dk. 1, p. 2). The plaintiff's first attached document is the EEOC's letter dated April 9, 2015, and it states:

> A review of our records shows that you were previously issued a Dismissal and Notice of Right to Sue concerning the above referenced charge on January 12, 2015. Our records do not reflect whether or not you did previously receive this document.
> Your lawsuit must be filed in federal court within 90 days of your receipt of the right to sue notice. Otherwise, your right to sue based on this charge will be lost (The time limit for filing suit based on a state claim may be different). Your 90 day time period begins with your receipt of the right to sue notice.
> We cannot re-issue a right to sue once a right to sue has been issued. Enclosed is a copy of the right to sue document previously issued concerning your charge of discrimination. You should take this letter with you to federal district court along with the right to sue to substantiate your claims with regards to your receipt of a right to sue. If you have questions or require additional information, you may contact Mr. Joseph Wilson at 314-539-7816.

(Dk. 1-1, p.1). The plaintiff also attaches the EEOC's right-to-sue letter that was enclosed, and it reflects being mailed on January 12, 2015. (Dk. 1-2, p. 2).

The defendant's motion relies exclusively on the January 12th right-to-sue letter and invokes the mailing-time presumption. When the date of the complainant's actual receipt of the EEOC right-to-sue notice is unknown or in dispute, federal courts may presume the letter was received from three to seven days after the letter was mailed. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). The defendant argues the complaint fails to allege any circumstances for equitable tolling. In response, the

4

plaintiff's position is that she did not receive the right-to-sue notice until after she spoke with the EEOC representative, Joseph Wilson, in early April of 2015, and then received the notice as an enclosure with the April 12th letter. The plaintiff also states that she lives in a rural area and that she has experienced vandalism of her mailbox and the loss of mail. In reply, the defendant stands on the mailing-time presumption and challenges the plaintiff's explanation as insufficient for equitable tolling.

The mailing-time "presumption is rebuttable . . . evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Witt v. Roadway Exp.*, 136 F.3d 1424, 1430 (10th Cir.), *cert. denied*, 525 U.S. 881 (1998). While the plaintiff's complaint does not expressly allege when she actually received the right-to-sue notice, it does attach EEOC's letter of April 12. With this letter in hand, one can liberally construe the plaintiff's complaint as alleging that she did not receive the right-to-sue notice until it arrived as an enclosure with the April 12th letter and that she was relying on Mr. Wilson's representation in that letter. This inferred allegation is sufficient to allege compliance with the ninety-day filing requirement and to rebut the mailing-time presumption at this pleading stage. The timeliness issue remains one for discovery and decision.

IT IS THEREFORE ORDERED that Walmart's motion to dismiss for lack jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Dk. 11) is denied.

6

Dated this 8th day of December, 2015, Topeka, Kansas.

                s/Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge