IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET PRALLE,

                Plaintiff,

vs.                                       Case No. 15-4903-SAC

WALMART STORES, INC.,

                Defendant.

MEMORANDUM AND ORDER

The plaintiff Janet Pralle *pro se* brings this action alleging claims of sexual harassment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ECF# 63, Pretrial Order, p. 3. The case comes before the court on the plaintiff's renewed motion for appointment of counsel (ECF# 73), the plaintiff's failure to respond to the court's order to show cause (ECF# 72), and the defendant Walmart Stores, Inc.'s motion for summary judgment (ECF# 66).

In April of 2005, the defendant Walmart Stores, Inc. ("Walmart") hired Janet Pralle to work as a cashier at its store in Marysville, Kansas, and she later worked as a courtesy desk associate. ECF# 63, Pretrial Order, p. 3. Walmart terminated the plaintiff on December 7, 2012, after she received written coachings on three separate dates, two in November of 2012 and one on December 3, 2012. *Id.* at p. 4. This lawsuit was filed in July of 2015.

As reflected in the pretrial order, the plaintiff alleges she reported to the store manager and the customer service manager that her supervisor was sexually harassing a store vendor. After making this report, the plaintiff alleges she was treated differently, threatened, and retaliated against such that she experienced a hostile work environment, harassment and eventual termination. ECF# 63, pp. 6-8, 9.

The pretrial order states discovery was to be "completed by March 31, 2017, and is now complete. *Id*. at p. 11. The court extended the pretrial order's deadline for filing dispositive motions to May 10, 2017, (ECF #65), and the defendant Walmart filed its motion for summary judgment on that day. The defendant complied with D. Kan. Rule 56.1(f) and provided the required notice to a pro se litigant. ECF# 68. This notice, in part, warned that, "If you do not respond to the Motion for Summary Judgment on time with affidavits and/or documents contradicting the material facts asserted by the Defendant, the Court may accept Defendant's facts as true, in which event your case may be dismissed and judgment entered in Defendant's favor without a trial." *Id*. at pp. 1-2. On May 11, 2017, the plaintiff filed a pleading seeking an "extension of time to file dispositive motions due to an attorney currently looking into my case file." ECF# 69. In this printed pleading, the plaintiff refers to her original request for appointment of counsel because she finds "it very difficult to understand terms and the

stating of the laws." *Id.* The court granted this extension of dispositive motion deadline to June 9, 2017. ECF# 71.

On June 14, 2017, the court issued an order to show cause as the plaintiff had filed nothing, and the deadline of May 31, 2017, for the plaintiff to file her response to the defendant's pending dispositive motion had passed, as had the deadline of June 9, 2017, for the plaintiff to file her own dispositive motion. ECF# 72. This order referred to an email that plaintiff had sent to the magistrate judge's chambers and that had been forwarded to the district court's chambers. The email said an attorney was evaluating her case, and more time was needed. The court's order pointed the plaintiff to D. Kan. Rule 6.1 for the filing of motions for extension of time and indicated the rule did not allow for an email to substitute for the filing of a motion. The court then ordered, "that the plaintiff shall have until June 23, 2017, to show cause why this court should not find the plaintiff to have waived her right to file a response to the defendant's summary judgment motion and grant the defendant's motion as uncontested pursuant to D. Kan. Rule 7.4(b)." *Id.* at p. 2.

Instead of filing a motion for extension of time or a response to the show cause order by June 23, 2017, the plaintiff filed on June 26, 2017, a motion for appointment of counsel. ECF# 73. The plaintiff's appointment motion lists the names of at least six attorneys with whom she consulted. In an attached pleading, she further states that three attorneys were contacted

3

in the past two months and that she "does not feel qualified to continue without one." ECF# 73-1. This pleading concludes, "I am filing paperwork for appointment of counsel and financial statue along with a reply for to (sic) show cause why the court should not find the plaintiff to have waived her right to file." ECF# 73-1. The plaintiff has filed an affidavit of financial status (ECF# 74) and has attached to it a motion to proceed without prepayment of fees (ECF# 74-1). The Magistrate Judge has already granted the plaintiff's request to proceed in forma pauperis. ECF# 6. There is nothing in the plaintiff's filings at ECF## 73 and 74 that respond to the court's show cause order.

<u>Motion for Appointment of Counsel ECF# 73</u>

In denying the plaintiff's original request for appointment of counsel, the Magistrate Judge's order fully addressed the governing law and the material factors applicable here:

> Ms. Pralle also requests that she be appointed counsel. A party to a civil action has no constitutional right to appointment of counsel. Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." In addition to determining the financial need of the movant, if the court determines the movant has a colorable claim, then it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." The party moving for appointment of counsel bears the burden to convince the court there is sufficient merit to [her] claim to warrant appointment of counsel.

4

> In support of her motion, Ms. Pralle provides the court with some of her background, explaining that she "stood up for what [s]he felt was right and was wrongfully terminated and humiliated for believing [she] did right."
> She further asserts that she "enjoyed working at Walmart and did a very nice job for them." She states that where she lives there are "very few attorneys let alone good cell phone service" and she lists several attorneys she contacted, but who apparently declined to take her case.
> Ms. Pralle has not offered any argument that her case involves unique or unusually complicated factual or legal issues. She alleges wrongful termination in retaliation for her reporting sexual harassment in the workplace. She has not suggested any unique circumstances hampering her ability to prosecute her claims. The court can assume that Ms. Pralle lacks formal legal education or experience, but this is true of most *pro se* litigants. Therefore, Ms. Pralle's motion for the appointment of counsel is denied without prejudice.
> As a *pro se* litigant Ms. Pralle is personally responsible for her case.

ECF# 6, pp. 2-3 (footnotes and citations omitted). The plaintiff did not seek review of the Magistrate Judge's order.

The plaintiff's current motion for appointment does not address any of the grounds on which the Magistrate Judge relied in denying her first motion. The plaintiff's feeling that she is not qualified to continue does not meaningfully address any of the relevant factors. Subjective feelings put the court in no better position to judge the plaintiff's ability to present the case. As the Magistrate Judge observed, the lack of a formal legal education is common for most *pro se* litigants which also can explain why they, the plaintiff too, may feel unqualified to follow the court's rules of procedure. If this unfamiliarity with legal procedures and the feeling of not being qualified were enough to justify appointment, then this factor would be determinative

5

for most appointment requests, and appointment would become the rule in *pro se* cases. Instead, courts look at whether the *pro se* litigant has shown her case to be unique or unusually complicated. *Brown v. Dorneker*, 2007 WL 2900189, at *2 (D. Kan. Oct. 4, 2007); *Hale v. Geo Group, Inc.*, 2012 WL 12906529 at *1 (D.N.M. Dec. 26, 2012)("exceptional circumstances"). The plaintiff here does not demonstrate any unusual circumstances that would keep her from reading, comprehending and complying with the court's procedural requirements. Instead, the plaintiff's *pro se* status did not prevent the completion of discovery or the filing of a pretrial order. Up to now, she has shown herself capable of presenting her positions in an intelligent and coherent manner. The deposition excerpts attached to the defendant's dispositive motion display the plaintiff capably participating in them. Revisiting the plaintiff's request for appointment of counsel based on the circumstances argued now and before and based upon the magistrate judge's prior decision and the current procedural posture of the case, the court denies the motion as it finds that the nature of the factual issues, the merits of the claims, the plaintiff's ability to present her claims and the complexity of the legal issues do not warrant in the court's discretion granting the request for counsel under 28 U.S.C. § 1915(e)(1). The motion for appointment is denied.

## Motion for Summary Judgment ECF# 67

Not only has the plaintiff not responded to the defendant's motion, but she also has filed nothing in response to the court's order to show cause and has not sought an extension of time despite the court's earlier warning and directions for doing so. Thus, the court will follow D. Kan. Rule 7.4(b), as the consequence warned in its order to show cause. This Rule provides that a court may grant the uncontested motion without further notice. The Tenth Circuit, however, has held that, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The court said:

> The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment. *See Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001); *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175–76 (3d Cir. 1990); *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1022 (11th Cir. 1988).

312 F.3d at 1195. By the terms of Rule 7.4(b), he plaintiff has waived her right to file a response opposing summary judgment or controverting the facts set out in the motion. The defendant's motion still must meet its initial

7

burden of production under Rule 56(c). *Neal v. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005) ("If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" (quoting *Reed*, 312 F.3d at 1194)). Thus, the court may now accept as true the movant's material facts as set forth and properly supported and determine whether the movant is entitled to judgment as a matter of law on those facts.

"Summary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, ––– U.S. ––––, 134 S.Ct. 1861, 1866, 188 L.Ed.2d 895 (2014)(quoting Fed. R. Civ. P. 56(a)). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. *Id*. at 251–52.

Hired in 2005, the plaintiff Pralle worked at the Marysville Walmart Store until her termination on December 7, 2012. She received and acknowledged reviewing and understanding Walmart's different policies that included Discrimination and Harassment Prevention, Coaching for Improvement, Attendance and Punctuality, and a Statement of Ethics that addressed misuse of company property and conflicts of interest. During her

8

employment at Walmart, the plaintiff did not make any complaints about sexual harassment and did not report any allegation of sexual harassment to any salaried member of management pursuant to these policies. For that matter, the plaintiff never complained during her employment of a hostile work environment or retaliation. Over two months after her termination, the plaintiff reported to Walmart's Ethics Hotline that during the first half of 2012 the Customer Service Manager Carrie Svoboda had sexually harassed a vendor by teasing him at the service desk. The plaintiff testified that Svoboda's conduct did not offend her, but it had made her uncomfortable because she was responsible for reporting conduct. Walmart investigated this hotline matter. During this investigation, the plaintiff raised other incidents and concerns of mistreatment, all of which were investigated too.

      The plaintiff did receive four written coachings during her employment with Walmart. In her deposition, the plaintiff testified that she was terminated because of her four written coachings and that the written coachings were given for her policy violations, including her use of another associate's discount card. The plaintiff had difficulty interacting with other employees about whom she criticized their performance. Besides complaining to the store manager about them, she met with managers as part of their efforts to improve the work environment. In 2011, the plaintiff repeatedly complained about the poor performance of a co-associate, and these matters were discussed with the store manager. In September of

2012, the plaintiff met with a human resources manager to discuss her concerns about co-associates and management's concerns about the work environment at the service desk. Complaints about the plaintiff's mistreatment of co-associates continued, so the store manager met with the plaintiff in October to discuss her conduct, its impact on others, and Walmart's expectations. Guidance was also provided. When the plaintiff continued to mistreat others, the store manager issued a written coaching for insubordination for creating a difficult work environment.

In November of 2012, the store manager heard the plaintiff make repeated calls for a customer service manager to open her cash register. After video surveillance was reviewed, managers confronted the plaintiff with what they saw. The plaintiff admitted she was conducting personal business while working and was using the store's cash register to make change in order to facilitate her personal transactions. On December 7, 2012, Walmart terminated plaintiff's employment for conducting personal business while on the job and using company resources to do so.

The plaintiff filed a charge of discrimination with the Kansas Human Rights Commission ("KHRC") on June 7, 2013, and the KHRC issued a finding of no probable cause on November 13, 2014. The Equal Employment Opportunity Commission ("EEOC") adopted the KHRC's findings and issued a right-to-sue notice dated as mailed on January 12, 2015. The

plaintiff filed her federal court complaint on July 9, 2015, 178 days after the EEOC's issuance of the notice.

Timeliness of Federal Action

Early in this case, the defendant filed a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction, as the plaintiff had failed to file her lawsuit within the 90-day window of 42 U.S.C. § 2000e-5(f)(1). ECF# 11. In denying this motion, the court pointed out that this filing requirement is "not jurisdictional in character but serve[s] as a statute of limitations and, therefore, [is] . . . subject to waiver, estoppel, and equitable tolling." ECF# 19, p.2 (citations omitted). The court noted the controlling law in this circuit that the 90-day limitation period is not triggered until the plaintiff actually receives the right-to-sue letter. *Id.* p. 3. The defendant argued for dismissal based on the rebuttable mailing time presumption given to the right-to-sue letter mailed on January 12, 2015. The court liberally construed the plaintiff's complaint as alleging that she did not receive this January 12, 2015, until it arrived as an enclosure in the EEOC's subsequent correspondence dated April 12, 2015. The court concluded: "This inferred allegation is sufficient to allege compliance with the ninety-day filing requirement and to rebut the mailing-time presumption at this pleading stage. The timeliness issue remains one for discovery and decision." *Id*. at p. 5.

The defendant now seeks summary judgment on the untimeliness of the plaintiff's federal action saying the 90-day limitation period expired on April 15 or 17, 2015. ECF# 67, p. 16. The defendant's summary judgment motion rightly challenges the plausibility of the plaintiff's bare allegation that she did not receive the letter within the rebuttable presumption time. The mailing-time "presumption is rebuttable . . . evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Witt v. Roadway Exp.*, 136 F.3d 1424, 1430 (10th Cir.), *cert. denied*, 525 U.S. 881 (1998). At summary judgment, "a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (citations omitted). Because the plaintiff has waived her right to present facts and evidence to support her allegation on when she received the January 12th right-to-sue letter, there is nothing to dispute the rebuttable presumption argued by the defendant. The plaintiff's complaint was not filed within the required 90-day limitation period. Consequently, the complaint is untimely and summary judgment is appropriate. *See Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (summary judgment for defendant affirmed when plaintiff had failed "to point to any record evidence to support her bare allegation" that the EEOC letter was delivered on a later date).

Substantive Claims

Based on the initial production of uncontroverted facts in its motion, the defendant is also entitled to summary judgment on the plaintiff's claims. The plaintiff's allegations of sexually harassing conduct, even if supported by proper evidence, are nothing that a rational jury could find to be sufficiently severe and pervasive as to constitute a hostile work environment. Having received no factual statements from the plaintiff, the record offers no factual basis for imputing liability to the defendant. This is particularly the case because the plaintiff never complained of or reported sexual harassment and there is no evidence of the defendant's constructive knowledge of the harassment. And for that matter, without evidence that the plaintiff complained of harassment before her termination, there can be no prima facie case of retaliation. Finally, the defendant's legitimate non-discriminatory reasons for terminating the plaintiff stand uncontroverted and are prevailing.

IT IS THEREFORE ORDERED that the plaintiff's renewed motion for appointment of counsel (ECF# 73) is denied;

IT IS FURTHER ORDERED that based on the plaintiff's failure to respond to the court's order to show cause (ECF# 72) and failure to respond to the defendant Walmart Stores, Inc.'s motion for summary judgment (ECF# 66), Walmart's summary judgment motion is granted as uncontested because the uncontroverted material facts properly supported by the record

and the controlling law show Walmart is entitled to judgment as a matter of law.

Dated this 30th day of June, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge